IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTONIO ALEXANDER McGEE,**

    **Plaintiff,**

    v.                                                                            **CASE NO. 21-3216-SAC**

**(FNU) BEARDSLEY, et al.,**

    **Defendants.**

**O R D E R**

    Plaintiff, Antonio Alexander McGee, is a state prisoner housed at Hutchinson Correctional Facility (HCF). Plaintiff filed this §1983 action against five defendants employed at HCF, alleging that he was placed in a "boxcar" style cell for 144 hours as a result of a disciplinary violation. For at least some portion of that time, he was without lights, hot water, temperature control, a bed, bedding, or flushing toilet. He further alleges Defendant Beardsley cut his hair, and he was repeatedly tased. Last, Plaintiff states he was cut, sliced, or stabbed with a knife above his right eye, also by Beardsley.

    The Court entered an Order (Doc. 2) finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and attachments and found no showing of imminent danger of serious physical injury. The Court also granted Plaintiff until November 22, 2021, to submit the $402.00 filing fee. The Court's order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 2, at 3.)

    Plaintiff has filed multiple responses to the Court's Order. None of the responses include an argument that Plaintiff made the showing of imminent danger required by statute to overcome the three-strikes bar on proceeding in forma pauperis. Rather, Plaintiff primarily complains about

the unfairness of the three-strikes provision and the undersigned's "ill will" towards him.  He also he seems to be arguing about money he has previously paid to the Court for filing fees in his other cases.  If Plaintiff is attempting to challenge the constitutionality of the three-strikes provision, the Tenth Circuit long ago rejected such a challenge.  *See White v. State of Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998).

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

The time in which Plaintiff was required to submit the filing fee has passed.  As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated December 1, 2021, in Topeka, Kansas.**

s/ Sam A. Crow
SAM A. CROW
U. S. Senior District Judge